# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

**FILED**

JOSEPH JAMES _____,  )

                Plaintiff  )

                           )

        vs.                )

                           )

PATRICK, Placement  )
Officer, STEPHANIE  )
HOWARD, Health Care  )
Unit Administrator,  )
JENNIFER BLACK,  )
Director of Nurses,  )
MYERS, Internal Affairs  )
Lieutenant, and AROGUN,  )
DADE, Assistant Warden  )
of Programs _____ Defendant(s)  )

**JUL 1 4 2023**

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case No. _____
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

■ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A.  Plaintiff:

Full Name: _____ Joseph James _____

Prison Identification Number: _____ B58220 _____

Current address: _____ 12078 Illinois Rt. 185 _____

_____ Hillsboro, Illinois 62049 _____

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B.  Defendants

Defendant #1:

Full Name: _____ Patrick _____

Current Job Title: _____ Placement Officer _____

Current Work Address _____ 12078 Illinois Rt. 185 _____

_____ Hillsboro, Illinois 62049 _____

Defendant #2:

Full Name: _____ Arogundade _____

Current Job Title: _____ Assistant Warden of Programs _____

Current Work Address _____ 12078 Illinois Rt. 185 _____

_____ Hillsboro, Illinois 62049 _____

Defendant #3:

Full Name: _____ Stephanie Howard _____

2

Current Job Title: Health Care Unit Administrator

Current Work Address 1207Y Illinois Rt. 185

Hillsboro, Illinois 62049

Defendant #4:

Full Name: Jennife Black

Current Job Title: Director of Nurses

Current Work Address 1207Y Illinois Rt. 185

Hillsboro, Illinois 62049

Defendant #5:

Full Name: Myers

Current Job Title: Lieutenant

Current Work Address 1207Y Illinois Rt. 185

Hillsboro, Illinois 62049

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?    Yes ☐      No ■

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐      No ■

3

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number

_____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still

pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ■   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ■   No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes ■   No ☐

See Exhibit's A, B, and C attached.

_____

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _____

Date(s) of the occurrence _____

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

### I. Introduction

1.) This is a § 1983 action filed by Plaintiff Joseph James, a state prisoner, alleging violation of his constitutional rights to receive medical care, interference of medical treatment, retaliation, failure to protect, and deliberate indifference to Plaintiff serious medical needs and safety. Plaintiff is seeking money damages and also injunctive relief.

### II. Jurisdiction

2.) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitutional of the United States.

3.) Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (a)(3) in that this action

seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

## III. Parties

4.) Plaintiff Joseph James at all times relevant was confined by the Illinois Department of Corrections (IDOC) at Graham Correctional Center (GCC).

5.) Defendant PATRICK at all times relevant was a placement officer employed by IDOC.

6.) Defendant AROGUNDADE at all relevant times was a assistant warden of programs employed by IDOC.

7.) Defendant STEPHANIE HOWARD at all relevant times was a health care unit administrator employed by Wexford Health Sources Inc.

8.) Defendant JENNIFER BLACK at all relevant times was a director of nurses employed by Wexford Health Sources Inc.

9.) Defendant MYERS at all relevant times was a lieutenant of internal affairs employed by IDOC.

9.) Defendants Patrick, Arogundade, Howard, Black, and Myers at all relevant times were acting under color of State law and are being sued in their individual capacities.

V. Factual Statement

11.) During the year of 2010 Plaintiff suffered a stroke.

12.) As a result of the stroke Plaintiff suffers limited mobility of his right arm, aphasia complications, decreased hand grip on right side, seizures, hearing impairment, impaired vision, and impaired speech.

13.) As treatment Plaintiff requires a live in helper as a cellie for assistance.

14.) A helper is someone who helps Plaintiff with his daily activities such as, escorting Plaintiff to med line, translator, alerts Plaintiff when he's needed, write letters, retrieve items for Plaintiff whenever he needs something, helper

6

carries Plaintiff commissary bags and food
trays etc...

15.) Plaintiff's first helper was inmate
Skyler Roley 7/28023 was compatible helpful
and completed his job as a helper.

16.) During the year of 2022 inmate Roley
was Plaintiff's helper for approximate
5 months before his job was discontinued
by placement officer Patrick.

17.) Plaintiff attempted to inquire about
the discontinuation of Plaintiff's helper
inmate Roley but to no avail.

18.) Plaintiff forwarded request forms regarding
his helper but no response by placement officer
Patrick.

19.) On January 9, 2023, the nurse practitioner
Amanda Hildebrand ordered that inmate Roley
to be Plaintiff's continue helper.

20.) During the month of December, 2022,
placement officer Patrick moved Plaintiff out of
his cell 17C-11 to 17D-6 without his helper
inmate Roley.

8.

21.) Plaintiff was placed in cell with a different helper he knew nothing about. Inmate Robert Kopp became Plaintiff's new helper.

22.) Inmate Kopp had medical conditions that required him to be on the bottom bunk as well as Plaintiff.

23.) Plaintiff was given the bottom bunk and Inmate Kopp was ordered to sleep on the top bunk.

24.) Inmate Kopp refused to carry out his duties as a helper.

25.) As a result of Inmate Kopp's low bunk permit he should have never been allowed to be Plaintiff's helper to begin and or should not been in the same cell with another inmate who also has a low bunk permit and placement officer Patrick knew this but disregarded this information.

26.) On November 2, 2022, Plaintiff forwarded request forms to Patrick requesting a cell change back to his former helper inmate Roley due to inmate Kopp lack of help but to no avail.

9.

27.) The interference by Patrick was a blow to Plaintiff's mental health status which was noticeable by the drug counselor Lindsey Milliken.

28.) Counselor Milliken made a referral to mental health counselor Sarah Goshorn regarding Plaintiff's mental health.

29.) On November 19, 2022, Plaintiff was seen by mental health counselor Goshorn.

30.) Plaintiff made a report to Goshorn that he wasn't getting along with his helper inmate Kopp and that he didn't feel safe being in the cell with him.

31.) Plaintiff was informed by Goshorn that she would contact her boss and make a report about his complaints and would pass the information off to placement officer Patrick.

32.) After not hearing back from Patrick, Plaintiff again forwarded more request forms to Patrick but also to the lieutenant of internal affairs, assistant warden of programs, HCUA Howard and DOM Black in regards to his safety and the lack of inmate Kopp's help.

10.

33.) Based on information and belief, the above individuals received Plaintiff's requests and complaints but failed to intervene or rectify the risk of substantial harm he faced by inmate Kopp's threats of inflicting harm against Plaintiff.

34.) During the month of December of 2022, Plaintiff was seen by mental health counselor H. Denton.

35.) Plaintiff reported to Mr. Denton that his safety was compromised and that he wasn't getting along with his cellie inmate Kopp.

36.) Mr. Denton informed Plaintiff that he would email his boss about his complaints regarding inmate Kopp.

37.) On December 10, 2022, Plaintiff commenced a grievance against inmate Kopp.

38.) On December 12, 2022, Plaintiff was seen by psychologist Ms. K.

39.) Plaintiff reported to Ms. K that his cellie inmate Kopp was becoming more aggressive towards him and threatened to harm him

11.

and refused to help Plaintiff as his helper, Plaintiff informed Ms. K he feared for his safety.

40.) Ms. K told Plaintiff that she would inform her boss Ms. Macintosh of Plaintiff's complaints.

41.) On or about December 16, 2022, Plaintiff was viciously beaten by an inmate name Blackburn, Tyler.

42.) Inmate Kopp ordered inmate Blackburn to assault Plaintiff.

43.) As a result of the attack Plaintiff suffered fractured nasal bones, fracture of left orbital floor and contusions to his face and head.

44.) On December 16, 2022, Plaintiff was given a Ct. for evaluation and surgery.

45.) The Ct. results showed a small, mildly displaced left orbital floor fracture and a mildly displaced nasal bones fracture.

46.) On January 30, 2023, Plaintiff was seen by nurse practitioner Amanda Hildebrand, NP.

12.

47.) Plaintiff made a report to Ms. Hildebrand that placement officer Patrick had interfered with his prescribe treatment by discontinuing inmate Roley as Plaintiff's helper as a result of Plaintiff receiving a job in dietary pursuant to the Americans with Disability Act (ADA).

48.) Ms. Hildebrand told Plaintiff that she was unaware that Mr. Patrick had interfered / interrupt her prescribe treatment that Plaintiff be provided a helper as his assistant.

49.) Ms. Hildebrand, N.P., informed Plaintiff that she would look into the matter.

50.) Plaintiff forwarded multiple request slips to Mr. Patrick in regards to his interference with his treatment following Plaintiff receiving a job. Plaintiff notified Mr. Patrick that he was violating his constitutional rights under the ADA and that his actions was an act of discrimination.

51.) Prior to the assault Plaintiff forwarded multiple request slips to internal affairs lieutenant Myers, the assistant warden of programs, HCUA Howard, placement officer Patrick,

and DOM Black informing these individuals
that he was in fear for his safety and that
he risk substantial harm by his cellie inmate
Kopp and friends due to the continuous threats
but to no avail.

52.) Plaintiff made requests to the name
individuals over a dozen times that they
move inmate Kopp or Plaintiff back to his
cell with his former helper inmate Roby
but to no avail.

53.) After Plaintiff filed a grievance against
placement officer Patrick, Patrick retaliated
against Plaintiff by continuing to allow
inmate Kopp as his helper, despite Patrick's
knowledge that Plaintiff faced risk of sub-
stantial harm by inmate Kopp or his friends.

54) Plaintiff notified the assistent warden of programs
Aroqundade in regards to the risk of substentibl
harm he faced by his cellie inmate Kopp and
friends including threats Kopp made against
his life but to no avail. Assistant warden Aro-
gundade received Plaintiff's requests but failed to
rectify the progra/ problem.

55.) As a result of the failure by the AWP, HCUA

14.

Howard, DOM Black, placement officer Patrick, and IA Myers failure to intervene and or investigate Plaintiff's complaints and requests regarding his safety and the interference of his medical treatment was the proximate cause Plaintiff was assaulted and suffered severe physical pain and injuries.

56.) Plaintiff would not have suffered the above injuries and assault had the above individuals intervened and rectify Plaintiff's complaints and requests in a timely manner.

A. Failure to Protect

57.) The failure of Defendants AWP, Patrick, Howard, Black, and Myers to act on their knowledge of a substantial risk of serious harm to Plaintiff violated his Eighth Amendment right to be free from deliberate indifference to his safety.

58.) As a result of Defendants AWP, Patrick, Howard, Black, and Myers failure, Plaintiff was viciously assaulted and received serious physical and emotional injuries.

B. Deliberate Indifference To Medical Needs

15.

59.) The refusal of Defendant Patrick to follow a prescribe doctors order by providing Plaintiff with a helper specifically, Skyler Noley constituted deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

60.) The interference of Defendant Patrick with Plaintiff's medical treatment regarding a helper without a doctors order constituted deliberate indifference to Plaintiff's serious medical needs.

61.) The failure of Defendants AWP Aroguadode, HCUA Howard, DON Black, and placement officer Patrick to take steps to ensure that Plaintiff received the needed treatment, despite their knowledge of Plaintiff's serious medical needs, constituted deliberate indifference to Plaintiff's serious medical needs.

62.) As a result of Defendants AWP Aroguadode, HCUA Howard, DON Black, and placement officer Patrick failure to provide needed medical treatment, Plaintiff suffered further injury and physical and emotional pain and injury such as, right arm and lower back pain from lifting objects in his cell, moving his boxes around for cleaning and bending over back and forth while

16.

Cleanings.

C. Retaliation

63.) The refusal of Defendant Patrick to provide protection to Plaintiff as a result of Plaintiff having filed a grievance against Patrick constituted retaliation for petitioning government for redress of grievances and therefore violated the First Amendment.

64.) As a result of Defendant Patrick's failure, Plaintiff was viciously assaulted and received serious physical and emotional injuries.

65.) Defendant Patrick breached that duty by failing to provide protection when Plaintiff informed him of his fear of being assaulted and forwarded Defendant Patrick request forms which he received supporting his fear.

66.) The breach of duty resulted resulted in serious physical and emotional injury and damages.

67.) The breach of duty proximately caused those damages.

17.

RELIEF REQUESTED

(State what relief you want from the court.)

1.) Award Plaintiff the sum amount of $1,250,000 in compensatory damages;

2.) Award Plaintiff the sum amount of $300,000 jointly and severally against each Defendant Aragundide, Simmons, Patrick, Howard, Black, and Myers in punitive damages; and

3.) Grant such further relief this court deems just and appropriate.

JURY DEMAND        Yes ▊        No ☐

Signed this ____17ᵗʰ____ day of ____March____ ,20 23 .

_(Signature of Plaintiff)_

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Joseph James | B88220 |
| Address: 12074 Illinois Rt. 185 Hillsboro, Illinois 62049 | Telephone Number: |

18.

Exhibit 1.

# Affidavit

I, Andrew Coe, duly sworn under oath that the statement herein this affidavit is true, accurate and correct.

The attach complaint § 1983 was written and drafted by me based on information provided to me by inmate Joseph James. Mr. James lack the legal expertise and education to represent himself in this matter. Mr. James would be at a disadvantage if he's ordered to proceed pro se, therefore, counsel is warranted.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Date: 3/28/23

Andrew Coe R07622

Exhibit A. VR# 1222-138
Assigned Grievance #/Institution: Graham Correctional
Housing Unit: 17     Bed #: 7-L

**RECEIVED DEC 27 2022**
1st Lvl rec:

16-C-17 Exhibit A.
1 of 2     2nd **RECEIVED JAN 27 20**

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

| Date: 12-22-22 | Offender (please print): Joseph W James | ID #: 388220 | Race (optional): White |
|---|---|---|---|
| **Present Facility:** Graham Correctional | | **Facility where grievance issue occurred:** Graham Correctional Center | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Medical Treatment
- [X] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [ ] HIPAA
- [ ] Restoration of Sentence Credit
- [ ] Transfer Denial by Facility
- [ ] Other (specify):
- [ ] Disciplinary Report

Date of report: _____     Facility where issued: _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance".

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name of identifying information for each person involved):

To whom This Grievance May Concern
My name is Joseph James B88220. I Am Concidered To
Be Disabled. My Hearing is impaired in Both Ears. I Whar
Twin Hearing Aids. My Speech is Hesitant And Slow. Along
with my right Arm Being impaired and cant even Mak
A Full Fist wich is my Dominate Hand. I was Approve
For A Helper. I Had This Cellie For A Helper named
[X] Continued on reverse

**Relief Requested:**

I ASK That everyone Be retrained on The Seriousness
of A Disabled individual in Custody. IF He is Reporting his
Helper, Something Should Be Done emmidately. Since 11-2-22
until 12-16-22 The neglagence of Stuff Being Mandated Reporters
and not Reporting Stuff got me seriously Hurt

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [X] Check if this is NOT an emergency grievance.

Joyl     Offender's Signature     388220 ID#     12-22-22 Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**     Date Received: 1-15-23     [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board; PO Box 19277, Springfield, IL 62794-9277

Response:

Grievance: I have read your grievance 1222-138; I have spoken with the I.A.Lt; and he stated " An investigation as conducted and Kopp was fired from being a helper and Blackburn, who Assaulted James was charged with Assault and being charged Restitution for James' doctor bills." Grievance resolved.

Cult wowly     Print Counselor's Name     Sign Counselor's Name     1-18-23 Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:**     Date Received: _____

Is this determined to be of an emergency nature:

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Chief Administrative Officer's Signature     _____ Date

Distribution: Master File; Offender     Page 1 of 2     DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: Graham Correctional   Housing Unit: 17   Bed #: D-6

1st Lvl rec:

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

Robert Kopp. Placement Clo paTrick Took me From
17 House C-11 And Put me in The 17 D-6 with This
Robert Kopp. I wrote Placement Trying To Change
Back To 17 C-11 The Cell I was previously in with
Skyler Roley. Clo paTrick Done nothing This Took place
on November 2nd 2022. It was such a Blow To my
mental state That The Drug Counciler For GEo Program
Seen a Change in The way I perTicipated in group The
GEo Counciler Lindsay milliKen wrote A referal To mental
Health saying someone needed To Come see me over This
Cell switch and The Helper They gave me. on 11/19/2022
Sarah Goshorn Lcsw, amhp arrived on 17 House That Day
And met with me in GEO program office 1:23 pm - 2:38 pm
for 1 hour and 13 minutes I Begged For Help To Change my
Helper him and I was not getting along and I Didn't Feel
Safe with Robert Kopp Being my Live-in Helper. Ms Goshorn
Said she would ContacT her Boss and see if she would Call
Placement Clo patrick To Change my helper. Nothing was Done
at all. I wrote Request slip To Jen Black and stephanie
Howard Saying please Call me over To Health CAre I
need To TAlK with you about my Live-IN Also Knowing
As my Disability Helper. They never Called me over There
To Health CAre To TAlK About my issue. AFter seeing ms,
Goshorn on 11-19-22 AT 17 House she sent me A request and I
went And seen Ms Goshorn in The ACademic Building At
The End oF novemBer      She last IF I was Doing good
I Told her yes other Then my Helper she stated she had to
TalK with her Boss still. nothing was Done yet on The First
Part oF December   2022. Mr H. Denton A mental Health Councilor
met with me in The arcademic Building Room #4 I expressed
my Concerns About my Live-in Helper. mr Denton said He would
Email his Boss About it. Even wrote The STuFF Down next to
my name said HedTAKe CAre oF IT. IN The mean Time
I Filed A Grievance strictly on The Helper Robert Kopp The
Grievance # 1222-57 it Says I need A new helper. on 12-12-22
I was Called To Health CAre Room #9 To speak with The psychologist
Ms K. I spent 30 To 40 minutes in her office Telling her About
How Bad my Live-in was Even Told Her I Didn't Feel sAFe with
This Helper. ms K Told me she HAd To meet with her Boss
Ms. Macintosh wich was 12-13-22 on A TuesdAy. NOT Counting
The Countless Clo's I've spoken with About my Live-in Helper.

The same Live-IN Helper I've ASK To Be Changed-out And
no Body would Help me. Four DAys AFter reporting Him to
The psychologist, Robert Kopp let inmates Tyler BlackBurn in my
Cell, 17 D-6, while I was A Sleep and physically Beat me
giving me several orBital eye Fractures And Contusions To The
FAce And HeAd. Im admitted in Hillsboro, Il Hospital for hours
Finding out The DAmage Done Through A CT sPAN They Don't
know Im Back in Health CAre at Graham Correctional Facility
awaiting To have surgery on my orBital eye socket Because

Signed Grievance #/Institution: Graham Correctional    Housing Unit: 17    Bed #: D-6

1st Lvl rec:

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

I was in a cell over 5 months with Skyler Roley Y28023 17 House C-11 I ask this Health Care to provide me a live in. They approve it because my disability is bad enough I need one.

I had ask Health Care if my cellie Skyler Roley could be my live in since we was cellies and he had been helping me already. They approved me for a live in.

Some how I was moved out of cell C-11 and put in D-6 with Robert Kopp. He become my live in. This guy will not ask the Clo questions I need ask. He dont go to med line or nothing with me. He sleeps all day long wont help me like he suppose to never tells me what the Clo says over the entercome so I miss out on certain stuff.

This Robert Kopp has a bottom bunk permitt because he has seizures. They made him get on a top bunk because I also have a bottom bunk permitt. If he has a seizure and falls off that top bunk someone in big trouble (He has bottom bunk permitt)

Skyler Roley Y28023 is finished the program. Hes still in 17 House C-11. He knows me, my medical history and knows everything I'm trying to say after living with me for 5 months.

I spoke with mental health / Ms G on November 19th. She was going to try get me moved back in cell C-11 with Skyler Roley. Y28023. But then I went on Covid guarntee, and I think it was for god about.

Skyler said he will still take the job helping me.

Robert Kopp the guy I have now is on a top bunk and isnt suppose to be Due to seizures He says he Dont Fuck with the police so when I need to ask a Clo a question He wont Do it.

Please make Skyler Roley. Y28023 my live in. Thank you

Assigned Grievance #/Institution: Graham Correctional    Housing Unit: ___ 16-G

Exhibit A    Bed #:

1st Lvl RECEIVED DEC 1 2 2022    **RECEIVED MAR**    2nd Lvl rec:

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

| Date: 12-10-22 | Offender (please print): Joseph James | ID #: B88220 | Race (optional): whit |
|---|---|---|---|

| Present Facility: Graham Correctional | Facility where grievance issue occurred: graham correctional |
|---|---|

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): My Live IN Helper
- [ ] Medical Treatment
- [ ] HIPAA
- [x] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report ___ Facility where issued ___

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

To whom This Grievance May Concern!

I AM writing This Grievance in reguards OF my Disability. I cAnt Hear Just About DeF and I cAnt speak very well at all. Every prison I have Been To I have had a Live IN To Help me. This Being said

[x] Continued on reverse

**Relief Requested:**

I WANT skyler Roley V28023 As my Live IN Helper He HAd Been Helping me Already

This other guy wont Help me Please move me BACK To C-11 or skyler Roley To D-6 As my Live IN

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [x] Check if this is NOT an emergency grievance.

| Joseph James | B88220 | 12-10-22 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)    Date Received: ___    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Grievance #1222-57 James B88220

I have read your grievance and have spoken to the ADA Coordinator about this issue. The ADA Coordinator advised "Joseph James was issued hearing aids but does not wear them, he will be issued a pager watch and vibrating watch as soon as they become available. A provider assigns helpers when required or deemed necessary." This grievance is denied.

J. Cherry CCII

| J. Cherry    cc II | Joshua Cherry    CC II | 2/15/23 |
|---|---|---|
| Print Counselor's Name | Sign Counselor's Name | Date |

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

---

**EMERGENCY REVIEW:**    Date Received: ___

Is this determined to be of an emergency nature:

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

**RECEIVED**

**MAR 1 5 2023**

**ADMINISTRATIVE REVIEW BOARD**

Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    DOC 0046 (Rev. 01/2020)

Exhibit B.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

16 C11

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 01/27/2023 | Date of Review: 02/15/2023 | Grievance # (optional): 1222-138 |
| Offender: JAMES, JOSEPH W | | ID#: B88220 |

**Nature of Grievance:**

Individual in custody wants staff retrained on ADA policies and procedures.

**Facts Reviewed:**

Grievance was received by this officer on 1/27/2023. I have reviewed the grievance and the 1st level response, per DR504.

No new information received from individual in custody since 1st level response. An investigation was done by internal affairs, previous helper was fired and the individual in custody that assaulted grievant was charged for the crime and had to pay for medical treatment of individual. Any relief outside of what has already been done would need to be pursued outside of the Department. 1st level response is affirmed.

**Recommendation:**

Based upon a review of all available information and a compliance review of the procedural due process safeguards outlined in DR504, this Grievance Officer recommends that this grievance be denied.

Joshua Cherry CCII
_____
Print Grievance Officer's Name

_Joshua Cherry_ CCII
_____
Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 2/22/23 | ☑ I concur | ☐ I do not concur   ☐ Remand |

**Action Taken:**

A/W Programs
Graham Correctional Center

FEB 22 2023

RECEIVED

2/22/23

_____
Chief Administrative Officer's Signature

| Offender's Appeal To The Director |
|---|
| I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.) |

_____         _____         _____
Offender's Signature                                    ID#                                              Date

Exhibit B.                                                                    16 C 11

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|

Date Received: 03/03/2023     Date of Review: 03/06/2023     Grievance # (optional): 1222-57

Offender: James, Joseph                                         ID#: B88220

**Nature of Grievance:**

ADA/ specifically requests individual to be a helper

**Facts Reviewed:**

Grievance was received by this officer on 3/06/2023. I have reviewed the grievance and it was submitted appropriately to the Grievance Officer, per DR504. I have spoken to the ADA Coordinator about this issue. The ADA Coordinator advised "Joseph James was issued hearing aids, but does not wear them, he will be issued a pager watch and vibrating watch as soon as they become available. A provider assigns helpers when required or deemed necessary." I have spoken to placement and advised that the individual works as a dietary worker and also in the GEO program and the provider assigns the helpers when needed. When one is needed, placement assigns individuals as helpers not the cellmates. No additional information has been provided with the grievance.

**RECEIVED**

MAR 1 5 2023

ADMINISTRATIVE
REVIEW BOARD

**Recommendation:**

Based upon a review of all available information and a compliance review of the procedural due process safeguards outlined in DR504, this Grievance Officer recommends that this grievance be denied.

_____          _____
Print Grievance Officer's Name          Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: 3/8/23     ☑ I concur     ☐ I do not concur     ☐ Remand

Action Taken:                                        A/W Programs
                                        Graham Correctional Center

                                        MAR 08 2023

                                        **RECEIVED**
                                        3/8/23

_____
Chief Administrative Officer's Signature          Date

| Offender's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____          B88220          3-12-23
Offender's Signature          ID#          Date

Distribution:   Master File; Offender                    Page 1                    DOC 0047 (Rev. 3/2019)

*Exhibit C.*

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:  James, Joseph

ID# :  B88220

Facility:  Graham C.C.

5/23/23
Date

This is in response to your grievance received on __3/8/23__. This office has determined the issue will be addressed without a formal hearing.  A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted.  For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding:  Grievance dated: __12/22/22__    Grievance Number: __1222-138__    Griev Loc: __Graham C.C.__

- ☐  Medical _____
- ☐  Dietary _____
- ☐  Personal Property _____
- ☐  Mailroom/Publications _____
- ☐  Staff Conduct _____
- ☐  Commissary / Trust Fund _____
- ☐  Conditions (cell conditions, cleaning supplies, etc.) _____
- ☐  Disciplinary Report: Dated: _____  Incident # _____
- ☑  Other  Cell Assignment - ADA, not to be celled with worker Kopp

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐  Affirmed
  _____

- ☐  Denied, in accordance with DR504F, this is an administrative decision.
- ☑  Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ☐  Denied as the facility is following the procedures outlined in DR525.
- ☐  Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐  Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30.  This office is reasonably satisfied the offense cited in the report was committed.

- ☐  Other: _____

FOR THE BOARD: _____
Jon Loftus
Administrative Review Board

CONCURRED: _____
Latoya Hughes
Acting Director

CC:  Warden, __Graham C.C.__ Correctional Center
James, Joseph , ID# B88220

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

*Exhibit C.*

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** James _____ Joseph _____ _____ B88220
  Last Name        First Name        MI      ID#

**Facility:** Graham

☒ Grievance: Facility Grievance # (if applicable) 1222-57 Dated: 12/10/2022 or ☐ Correspondence: Dated: _____

Received: 3/15/2023 Regarding: ADA; requests to a have a live in helper
  Date

---

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
  Date

☐ No justification provided for additional consideration.

---

**Other** (specify): Failure to follow R504.810. No date of requests/denial of cited issue. However, facility has addressed issue.

Completed by: Adewale Kuforiji _____ _____ 3/27/2023
  Print Name                    Signature              Date

Distribution: Offender
         Inmate Issues

*Printed on Recycled Paper*

DOC 0070 (Rev. 3/2018)

Joseph James B88220
12078 Illinois Rt. 185
Hillsboro, IL 62049

Is From An Inmate
Of The IL Dept
Of Corrections

ZIP 62049
02 4W
0000362161 JUL 11 2023
$ 002.55

United States District Court
Central District of Illinois
Federal Building
Room 309
100 N.E. Monroe St.
Peoria, IL 61602

Legal
Mail